**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PAUL WISTAR DARDEN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.:_____** |
| | § | |
| **WARREN W. ALLAN, Individually and** | § | |
| **d/b/a OPTIVEST LLC, and OPTIVEST** | § | |
| **PROPERTIES, LLC** | § | |
| **Defendants.** | § | |

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants, Warren W. Allan (incorrectly identified as Warren W. Allan, Individually and d/b/a Optivest LLC) and Optivest Properties, LLC, hereby remove the action Plaintiff Paul Wistar Darden filed against Defendants in the 95th District Court of Dallas County, Texas, Cause No. DC-14-06226, to the United States District Court for the Northern District of Texas, Dallas Division, under the authority of 28 U.S.C. §§ 1332 and 1441 on grounds of diversity jurisdiction.

**I.    STATEMENT OF THE CASE**

1.    Plaintiff commenced a civil action, Cause No. DC-14-06226, in the 95th District Court of Dallas County, styled *Paul Wistar Darden v. Warren W. Allan, Individually and d/b/a Optivest LLC and Optivest Properties, LLC* ("State Court Action"). Defendant Optivest Properties, LLC was served with the State Court Action on June 19, 2014, which was Defendants' first notice of the State Court Action.  This Notice of Removal is being timely filed within thirty (30) days after receiving notice of the State Court Action.  In the State Court

Action, Plaintiff alleges he was not paid commissions under a listing agreement and brings the following causes of action against Warren W. Allan, Individually and d/b/a Optivest LLC: (1) breach of contract, (2) fraud, (3) fraudulent inducement, and (4) negligent misrepresentation. Against Defendant Optivest Properties, LLC, Plaintiff alleges a cause of action for breach of contract. Plaintiff also seeks exemplary damages and attorneys' fees.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

2.      The court may exercise diversity jurisdiction under 28 § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The amount in controversy must also exceed $75,000. *Id.*, at 89.

### A.     Plaintiff and Defendants Are Citizens of Different States

3.      Plaintiff Paul Wistar Darden is a citizen of Texas. A person is considered a citizen of the state where the person is domiciled. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

4.      Warren W. Allan is a citizen of California because that is where he is domiciled. *See id.*

5.      Optivest Properties, LLC, is a citizen of California. The citizenship of a limited-liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because all of the members of Optivest Properties, LLC, are citizens of California, Optivest Properties, LLC, is a citizen of California for purposes of diversity jurisdiction.

**B.     The Amount in Controversy Exceeds $75,000**

6.     When the plaintiff seeks monetary relief and alleges an amount that exceeds the minimum jurisdictional amount of $75,000, the defendant can rely on that demand to meet the jurisdictional requirement. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (applying the "facially apparent" test, which requires the court to look only at the face of the complaint and ask whether the amount in controversy exceeds the jurisdictional amount).

7.     Plaintiff affirmatively states in his pleading that he "seeks monetary relief of over $200,000, but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and all other relief to which Plaintiff may be justly entitled."[1] As such, it is evident on the face of the petition that the amount in controversy exceeds $75,000.  Plaintiff is also seeking to recover attorneys' fees and exemplary damages. Therefore, the Court may exercise diversity jurisdiction over this civil action.

**III.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

8.     Notice of Removal has been filed within the time period prescribed under 28 U.S.C. § 1446(b). Further, venue is proper in the Dallas Division pursuant to 28 U.S.C. § 1441(a) and § 1446(a).

9.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, this Notice of Removal is filed with the following:

- A completed Civil Cover Sheet;

- A Supplemental Civil Cover Sheet;

---

[1] See *Plaintiff's First Amended Petition*, p.1, ¶2.

- A Certificate of Interested Persons;

- An index of all documents filed in the State Court Action that clearly identifies each document and indicates the date the document was filed in state court (Exhibit 1);

- A copy of the Case Filing Cover Sheet (Exhibit 1-1);

- A copy of Plaintiff's Original Petition and Request for Disclosure (Exhibit 1-2);

- A copy of Citation issued to Optivest Properties, LLC (Exhibit 1-3);

- A copy of Citation issued to Warren W. Allan (Exhibit 1-4);

- A copy of Plaintiff's First Amended Petition and Request for Disclosure (Exhibit 1-5);

- A copy of Return of Service on Warren W. Allan – served on Texas Secretary of State (Exhibit 1-6);

- A copy of Return of Service on Optivest Properties, LLC (Exhibit 1-7);

- A copy of Return of Service from Texas Secretary of State on Warren W. Allan (Exhibit 1-8);

- A copy of Defendants' Original Answer and Affirmative Defenses (Exhibit 1-9).

10.    The above-described documents represent all pleadings, petitions, answers, process, and other papers filed in the State Court Action.

11.    Simultaneous with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal with the 95th District Court of Dallas, County, Texas, pursuant to 28 U.S.C. § 1446(d). Defendants also attach a copy of the docket sheet from the State Court Action (Exhibit 2).

WHEREFORE, Defendants remove the action from the 95th Judicial Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

Michael L. Scanes
Texas Bar No. 17701000
scanes@srjfirm.com
Joel S. Shields
Texas Bar No. 24041907
shields@srjfirm.com
SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
Telephone:  (254) 399-8788
Facsimile:  (254) 399-8780

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served via facsimile transmission and also by e-mail, on counsel of record for Plaintiff, on this 16th day of July, 2014.

Joel S. Shields

# EXHIBIT 1

CAUSE NO. DC-14-06226

| PAUL WISTAR DARDEN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| WARREN W. ALLAN, individually and | § | |
| d/b/a OPTIVEST LLC, and OPTIVEST | § | |
| PROPERTIES, LLC | § | |
| | § | |
| Defendants. | § | 95TH JUDICIAL DISTRICT |

## INDEX OF STATE COURT FILINGS

| Exh.1-1 | Case Filing Cover Sheet | 6/11/14 |
| Exh.1-2 | Plaintiff's Original Petition and Request for Disclosure | 6/11/14 |
| Exh.1-3 | Issue Citation to Optivest Properties, LLC | 6/11/14 |
| Exh.1-4 | Issue Citation to Warren W. Allan | 6/11/14 |
| Exh.1-5 | Plaintiff's First Amended Petition and Request for Disclosure | 6/12/14 |
| Exh.1-6 | Return of Service on Warren W. Allan – served on Texas Secretary of State | 6/19/14 |
| Exh.1-7 | Return of Service on Optivest Properties, LLC | 6/20/14 |
| Exh. 1-8 | Return of Service from Texas Secretary of State on Warren W. Allan | 7/10/14 |
| Exh. 1-9 | Defendants' Original Answer | 7/11/14 |

# EXHIBIT 1-1

FILED
DALLAS COUNTY
6/11/2014 9:51:04 AM
GARY FITZSIMMONS
DISTRICT CLERK

# CIVIL CASE INFORMATION SHEET

**DC-14-06226**                                                                 **95TH**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   Paul Wilson Darden v. Warren W. Allan, et. al.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: W. "Trey" R. Dyer III<br>Email: tdyer@cplalaw.com | Plaintiff(s)/Petitioner(s): Paul Wilson Darden | ☐ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address: 8350 N. Central Expy #1500<br>Telephone: (214) 265-7007 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas TX 75206<br>Fax: (214) 265-7008 | Defendant(s)/Respondent(s): Warren W. Allan<br>Optivest Properties, LLC | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br>State Bar No: 24036512 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

|  | Civil |  |  | Family Law |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☒ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil |
|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# EXHIBIT 1-2

FILED
DALLAS COUNTY
6/11/2014 9:51:04 AM
GARY FITZSIMMONS
DISTRICT CLERK

Crystal McDowell

1 CIT/ATTY

1 CIT/SOS/ATTY

CAUSE NO. DC-14-06226 _____

| | | |
|---|---|---|
| PAUL WILSON DARDEN | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| WARREN W. ALLAN, individually and | § | |
| d/b/a OPTIVEST LLC, and OPTIVEST | § | |
| PROPERTIES, LLC | § | |
| | § | 95TH |
| **Defendants.** | § | ___ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

Plaintiff Paul Wilson Darden ("Plaintiff") files this Original Petition against Defendants Warren W. Allan ("Allan") and Optivest Properties, LLC ("Optivest") (collectively "Defendants") and respectfully shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.      Discovery shall be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### II.
### RULE 47 STATEMENT

2.      Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and all other relief to which Plaintiff may be justly entitled.

---

## III.
## SUMMARY OF THE CASE

3.      In March 2009, Allen, on behalf of himself and Optivest, executed the Agreement as defined below which granted Plaintiff the exclusive right to act as the real property broker for five properties located in the North Texas area (the "Agreement") which were owned by Optivest.  Upon the event of sale, Plaintiff was to be paid a commission directly related to the sale price of the properties.

4.      In the Summer of 2013, Optivest sold the properties to NSA, as defined below.  At the time of the sale of the Properties to NSA, Defendants failed to pay Plaintiff his contractually obligated commission.

5.      Thus, Plaintiff now sues Defendants for breach of the Agreement. Plaintiff seeks actual damages, consequential damages, and attorney's fees as permitted by the agreement at issue and Texas law.

## IV.
## PARTIES & SERVICE

6.      Plaintiff Paul W. Darden is a licensed Texas real estate broker and an individual residing in the State of Texas who is represented by the below signed counsel.

7.      Defendant Warren W. Allen is an individual residing in the State of California with his principal place of business being 24901 Dana Point Harbor Drive, Suite 230, Dana Point, CA 92629.  Allen does business in the State of Texas but does not maintain in Texas a regular place of business of any agency for service of process.  As such, he may be served through the Texas Secretary of State in accordance with Texas Civil Practice and Remedies Code Section 17.044, which requires that duplicate citations be issued to the Secretary of State for

service of Allen at his principal place of business located at 24901 Dana Point Harbor Drive, Suite 230, Dana Point, CA 92629.

8.      Defendant Optivest Properties, LLC is a California limited liability company doing business in the State of Texas and may be served through its registered agent for service of process, National Registered Agents, Inc., which may be served at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## V.
## JURISDICTION & VENUE

9.      Jurisdiction is proper in this Court because the amount in controversy exceeds this Court's minimum jurisdictional limits.

10.     Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred here.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(1) (Vernon 2013).

## VI.
## FACTUAL BACKGROUND

**The Agreement**

11.     In March 2009, Allen, on behalf of himself and Optivest, executed an Exclusive Listing Agreement which granted Plaintiff the exclusive right to act as the real property broker for five properties located in the North Texas area (the "Agreement").  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.  Those properties are as follows:

    a.  Lot 1, Freedom Self Storage, a subdivision in the City of Allen, Collin County, Texas (the "Collin Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

    b.  Lot 6R, Block A, Mustang Industrial Park, a subdivision in the City of Forney, Kaufman County, Texas, according to the map or plat thereof recorded under

---

PLAINTIFF'S ORIGINAL PETITION                                                    Page 3

Document No. 3363-380 of the Official Public Records of Kaufman County, Texas (the "Kaufman Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

c.  Lot 3, Block 1, Securlock Addition, a subdivision in the City of Grand Prairie, Tarrant County, Texas, according to the map or plat thereof recorded under Document No. D208102064 of the Official Public Records of Tarrant County, Texas (the "Grand Prairie Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

d.  Lot 1r, Block A, Rio Dinero Fm 544, a subdivision in the City of Murphy, Collin County, Texas (the "Murphy Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property; and

e.  Lot H, Adams, a subdivision in the City of Terrell, Kaufman County, Texas, according to the map or plat thereof recorded under Document No. 33634-426 of the Official Public Records of Kaufman County, Texas (the "Terrell Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

(collectively, the Collin Property, the Kaufman Property, The Grand Prairie Property, the Murphy Property, and the Terrell Property shall be called the Properties").

12.    At the time the Agreement was executed, Allen was the President of Optivest which purported to be the managing entity for each of the individual Properties. By virtue of such, he held himself out to be control person for each individual property and was in a position to bind any additional entities which may or may not have owned the Properties individually.

13.    Pursuant to the Agreement, Plaintiff was to receive a commission upon the sale *or disposition* of the Properties. The agreed upon commission was two percent (2%) of the Sales Price which is defined in the Agreement as "gross sales price of the Property, including the value of any other property given in exchange".

14.     In the Summer of 2013, the Properties were sold to National Storage Affiliates which is a "self-administered, self-managed real estate investment trust" ("NSA"). NSA is owned by SecureCare Self Storage ("SecureCare"), Northwest Self Storage ("Northwest"), and Optivest. NSA was created when SecureCare, Northwest and Optivest transferred ownership of their entire portfolio of properties including, but not limited to the Properties, to the NSA in exchange for ownership shares of NSA.

15.     Despite a disposition of the Properties occurring in the Summer of 2013 and the contractual obligation to pay Plaintiff his commission, Defendants failed and continue to fail to remit any monies (or other property given in exchange for the disposition of the Properties) to Plaintiff.

16.     As a direct result of this failure, Plaintiff suffered damages for which he now sues.

## VI.
## CAUSE OF ACTION

**Count 1 - Breach of Contract**

17.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff reallege the allegations contained in the above paragraphs as if fully set forth herein.

18.     A valid and enforceable contract exists between Plaintiff and Defendants; in particular, the Agreement.

19.     Plaintiff is a proper party to sue for breach of the Agreement.

20.     Plaintiff has performed, tendered performance, or was excused from performing its contractual obligations.

21.     Defendants breached the Agreement by failing to remit the contractually obligated commission upon the disposition of the Properties.

22.     Defendants' breach caused Plaintiff injury in an amount not yet calculated but in excess of this Court's minimum jurisdictional limits.

23.     Further, because Plaintiff has been forced to retain the undersigned counsel to prosecute its claims and has presented a written demand, Plaintiff is also entitled to compensation for the reasonable and necessary attorney's fees and court costs which it has incurred in this lawsuit, pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

**Count 2 – Fraud as to Defendant Allen – Pleading in the Alternative**

24.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff realallege the allegations contained in the above paragraphs as if fully set forth herein.

25.     Defendant Allen made material representations to Plaintiff.

26.     Defendant Allen's material representations were false.

27.     When Defendant Allen made the material representation, he knew the material representations were false.

28.     Defendant Allen made the representations with the intent that Plaintiff would act on it.

29.     Plaintiff relied on Defendant Allen's representations causing Plaintiff to suffer actual injury.

30.     As a result of Defendant Allen's actions, Plaintiff has suffered actual damages in an amount yet to be determined, but in excess of the minimum jurisdictional limits of this Court.

31.     Because Plaintiff will establish by clear and convincing evidence that Defendant Allen had actual awareness of the falsity of his fraudulent misrepresentations, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

32.     Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff's injuries resulted from Defendant Allen's actual fraud, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

**Count 4 – Fraudulent Inducement as to Defendant Allen - Pleading in the Alternative**

33.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

34.     Defendant Allen made false representations and promises before Plaintiff agreed to enter into a contract for the distinct purpose of inducing Plaintiff to enter into a contract.

35.     Defendant Allen made the false representations and promises with intent for Plaintiff to enter into a contract.

36.     Plaintiff relied on Defendant Allen's representations causing Plaintiff to suffer actual injury.

37.     As a result of Defendant Allen's actions, Plaintiff has suffered actual damages in an amount yet to be determined, but in excess of the minimum jurisdictional limits of this Court.

38.     Because Plaintiff will establish by clear and convincing evidence that Defendant Allen had actual awareness of the falsity of his fraudulent misrepresentations, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

39.     Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff's injuries resulted from Defendant's actual fraud, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

**Count 5 – Negligent Misrepresentation as to Defendant Allen - Pleading in the Alternative**

40.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

41.     Defendant Allen made representations to Plaintiff in a transaction in which Defendant Allen had an interest.

42.     Defendant Allen supplied false information for the guidance of others.

43.     Defendant Allen did not exercise reasonable care or competence in obtaining or communicating the information.

44.     Plaintiff justifiably relied on Defendant Allen representations.

45.     Defendant Allen negligent misrepresentation proximately caused Counter-Plaintiff's injury.

46.     Because Plaintiff will establish by clear and convincing evidence that Defendant Allen had actual awareness of the falsity of his negligent misrepresentations, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

47.     Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff injuries resulted from Defendant Allen's actual fraud, Plaintiff is entitled to recover from Defendant Allen exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff Paul Wilson Darden

requests that Defendants Warren W. Allan and Optivest Properties, LLC disclose within fifty (50)

days of service of this Request, by serving its responses on Plaintiff's counsel at Cherry Petersen

Landry Albert LLP, 8350 N. Central Expressway, Suite 1500, Dallas, Texas 75206.

## PRAYER

Plaintiff Paul Wilson Darden respectfully requests that Defendants be cited to appear and

answer, and that upon final trial, judgment be entered in favor of Plaintiff as follows:

a.     Actual damages;

b.     Consequential damages;

c.     Exemplary damages as authorized by law;

d.     Pre-judgment and post-judgment interest at the maximum rate allowed by law;

e.     Reasonable attorney's fees and costs as allowed by law and contract; and

f.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CHERRY PETERSEN LANDRY ALBERT LLP

By: _____
        W. "Trey" R. Dyer, III
        Texas Bar No. 24036512
        Email: tdyer@cplalaw.com

8350 N. Central Expressway, Suite 1500
Dallas, Texas  75206
Telephone:  214.265.7007
Facsimile:  214.265.7008

## ATTORNEY FOR PLAINTIFF

**Paul Darden Company**

# North Texas Commercial Association of Realtors®

## EXCLUSIVE LISTING AGREEMENT

### FOR SALE OR LEASE

This Agreement is entered into by the undersigned owner(s) (the "Owner") and broker (the "Broker") regarding the real property described as five properties further described in Exhibit "A"

with a street address of See Exhibit "A" _____ in
Multiple _____ County, Texas, or as may be more particularly described on any attached **Exhibit "A"**, SURVEY AND/OR LEGAL DESCRIPTION, together with all of the improvements and fixtures located upon such real property and owned by Owner **(collectively, the "Property")**. In consideration of the agreements contained herein, Owner and Broker agree as follows:

   1.   **Appointment.**  Owner desires to retain the services of Broker to help Owner sell and/or lease the Property. Owner appoints Broker as Owner's agent for the Term (defined below), upon the terms and conditions contained in this Agreement, with the exclusive right to list and *[check all applicable boxes]*   sell the Property, and/or   lease the Property. Broker will assist Owner in the marketing of the Property and in the negotiating of a sale or lease agreement with any prospective purchaser or tenant (the "Prospect"). Broker may carry out Broker's duties under this Agreement through Broker's sales associates and other brokers ("Cooperating Brokers"). The terms "sell" or "sale" as used in this Agreement include an exchange.

   2.   **Listing Term.**  The term of this Agreement (the "Term") commences on its execution and will expire on one year after marketing commencement _____ (the "Expiration Date").

   3.   **Listing Price for Sale.**  The listing sales price of the Property is $_____ To Be Determined .

   4.   **Listing Rent and Terms for Lease.**   The listing rental and terms of the Property for lease are:
_____
Unless Owner agrees otherwise in a written lease, Owner will pay the following expenses *[check all applicable boxes]:*
   full services provided to tenant;   real estate taxes;   property insurance premiums;   common area maintenance; maintenance of roof, foundation and structural soundness;   utilities; or   none (absolute net lease).

   5.   **Professional Service Fee.**

      a.   Owner agrees to pay Broker a professional service fee (the "Fee") as set forth below *[check all applicable boxes]:*

         (i)   **Sale.**  (A)  Two_____
               percent (_____2.000 %) of the Sales Price of the Property; or (B) $_____.
               The term "Sales Price" means the gross sales price of the Property, including the value of any other property given in exchange. Owner shall cause the Fee to be paid to Broker at the closing of the sale.

         (ii)  **Lease.**  (A) _____ percent (_____%) of the aggregate rental
               provided in the lease (the "Rental"); or (B) $_____. Owner shall cause the Fee to be paid to Broker:   one-half upon execution of a lease agreement and one-half upon possession of the Property by the Prospect; or _____
               _____. If the Property is leased to a Prospect procured by a Cooperating Broker, then the Fee specified above will be increased to 150% of the amount specified.

      b.   The Fee is payable in the county in which the Property is located.  Execution by the Owner of a contract or lease on any price, rental or terms other than as listed in this Agreement will not preclude Broker from collecting the Fee based upon the actual price or rental.  Owner will pay the Fee upon the sale, exchange, lease or transfer of a legal or equitable interest in the Property (including a contract for deed) to a Prospect during the Term or during the Protection Period.  In the event of an exchange of the Property, Broker may receive a professional service fee from each of the parties to the transaction, and the amount of the Fee paid by Owner pursuant to any exchange will be determined by the greater of the listing sales price or the agreed value of the

EXCLUSIVE LISTING AGREEMENT                                                                        Page 1
©Copyright 2000 NTCAR form 04 (6/2000)

Computer generated using AutoContract™ v6.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1176                C:\Program
This installation of AutoContract™ is licensed for use to  Tom Holman of DARDEN INTERESTS,  INC., and is not transferable  Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.

EXHIBIT

A
_____

Property as set forth in the exchange agreement. Owner hereby authorizes and instructs any title company escrow officer, or any other person handling the closing of any transaction, to pay and disburse the Fee directly to Broker out of the proceeds at the closing.

**6. Protection Period.** As to transactions that close after the Expiration Date, Owner will pay the Fee to Broker upon the closing of a transaction with a Listed Prospect (defined below) if, within one hundred eighty (180) days after the Expiration Date (the **"Protection Period"**), Owner: (i) executes a contract of sale or exchange; (ii) executes a lease agreement; or (iii) otherwise agrees to transfer any legal or equitable interest in the Property to a Listed Prospect. The term **"Listed Prospect"** means a Prospect named on a written list of the names of Prospects with whom Broker has had contact, not to exceed twenty (20) names, delivered to Owner within ten (10) days after the Expiration Date, provided Broker (or a Cooperating Broker) during the Term: (i) procured the Prospect; (ii) engaged in negotiations with the Prospect; or (iii) showed the Property to the Prospect. If there is a pending agreement to sell or lease the Property (a **"Pending Transaction"**) between Owner and a Prospect, including a contingency contract or an option agreement, and the Pending Transaction has not been closed and funded before the Expiration Date, then this Agreement will remain in effect as to the Pending Transaction until the earlier of: (i) the Pending Transaction closes, is funded, and the Fee is paid to Broker; or (ii) the Pending Transaction expires or is terminated, and is not renewed or reinstated. The prospective purchaser or tenant in any Pending Transaction will automatically be deemed to be a Listed Prospect, in addition to any that might be set forth on any list of Prospects Broker may deliver to Owner. If Owner enters into a listing agreement with another real estate broker with respect to the Property after the expiration of the Term, then Owner shall exclude the Listed Prospects from the other broker's listing agreement during the Protection Period.

**7.** Lease Renewal, Expansion or Sale.

  **a. Renewal or Expansion.** Owner shall pay to Broker an additional professional service Fee covering the full period of any renewal, extension, expansion, lease or other agreement if, pursuant to the terms of any lease executed by Owner and a Prospect for all or part of the Property (the **"Lease"**), the Prospect, or the Prospect's successors or assigns under the Lease: (i) exercises any right to renew or extend the term of the Lease (whether contained in the Lease or in any amendment, supplement, or other agreement); (ii) enters into a new lease or rental agreement with Owner for all or part of the Property; or (iii) enters into any lease, extension, expansion, renewal or other rental agreement with Owner demising to the Prospect, or the Prospect's successors or assigns, any premises or property located on or constituting any part of any tract or parcel of real property owned by Owner adjacent to the Property or in the same building or project as the premises covered by the Lease. The additional Fee will be payable to Broker on the date of possession of the premises or property (and/or the additional premises or property) by the Prospect, or the Prospect's successors or assigns. The additional Fee will be computed on the same basis as provided in Section 5 above as if a new lease had been made for the additional period of time and/or premises.

  **b. Sale to Tenant.** If a tenant who was a Prospect under this Agreement, or the tenant's successors or assigns, purchases the Property at any time, whether pursuant to a purchase option contained in the Lease or otherwise, then Owner shall pay to Broker, at the closing of the sale, a professional service fee in cash equal to _____ percent (_____%) of the Sales Price.

**8. Owner's Representations.** Owner represents to Broker and agrees as follows:

  **a. Title.** Owner: (i) is the sole fee simple owner of the Property; (ii) is authorized and has the capacity to execute and deliver this Agreement; (iii) has the right and authority to convey good and indefeasible title to the Property; and (iv) has the right and authority to sell and/or lease the Property.

  **b. Legal Action.** Owner shall notify Broker in writing if any actions are brought, or Owner receives any written notices pertaining to, any foreclosures, lien claims, litigation, or condemnation proceedings with respect to the Property or any part of the Property.

  **c. Disclosures.** To Owner's knowledge, other than as disclosed to Broker in writing, the Property: (i) does not have any material latent, structural or construction defects; and (ii) is not contaminated with any toxic or hazardous substance in violation of applicable laws and regulations.

  **d. Cooperation.** Owner shall refer all inquiries about the Property to Broker, and Owner shall conduct negotiations with Prospects through Broker.

Computer generated using AutoContract™ v5.02 software, from AutoRealty, LLC, 1060 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1178     C:\Program Files\ACWin\WkFiles\wance 5 Listing.00000
This installation of AutoContract™ is licensed for use to: Tom Holman of DARDEN INTERESTS, INC., and is not transferable. Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.   printed 06-27-2008

**This Agreement** is effective on the last date beneath the signatures below.

| OWNER | BROKER |
|---|---|
| Optivest, LLC | Paul Darden Company |
| By [Signature]: | By [Signature]: |
| Printed Name: **Warren Allen** | Printed Name: **Paul W. Darden** |
| Title: **President** | Title: **Broker** |
| Address: **24901 Dana Point Harbor Drive Suite 230** | Address: **15400 Knoll Trail Drive, Suite 106, LB 42** |
| **Dana Point, CA 92629** | **Dallas, TX 75248** |
| Telephone: **949-661-8686** | Telephone: **972-755-6464** |
| Fax: **951-894-1496** | Fax: **975-755-6465** |
| Date: 8/21/09 | Date: |

*PERMISSION TO USE: This form is provided for the use of members of the North Texas Commercial Association of Realtors®, Inc. Permission is granted to make limited copies of the current version of this form for use in a particular Texas real estate transaction. Please contact the NTCAR office to confirm you are using the current version of this form. Mass production, or reproduction for resale, is not allowed without express written permission from NTCAR.*

Computer generated using AutoContract™ v5.02 software, from AutoReaty, LLC, 1000 W. Pipeline, Suite 101, Hurst, TX 76053, (800) 322-1175
This installation of AutoContract™ is licensed for use to: Tom Hofman of DARDEN INTERESTS, INC., and is not transferable   Use by others is a violation of federal copyright law under Title 17 U.S.C. §101.

C:\Program Files\AC\Winver\AcFiles\Winver 5 Listing 00000
printed 08-27-2005

## Exhibit A

to
### Exclusive Listing Agreement
### Between Paul Darden Company and Optivest Properties, LLC.

**Property Identification**

| PROJECT ENTITY | DESCRIPTION OF PROPERTY AND BUSINESS |
|---|---|
| Grand Prairie Storage Partners LLC | Improved real property located at 4660 S. Highway 360. Grand Prairie, Texas, consisting of 4.48 acres and 666 self-storage units comprising approximately 89,218 net rentable square feet |
| Allen Storage Partners LLC | Improved real property located at 610 East Main Street, Allen, Texas, consisting of 5.22 acres and 545 self-storage units comprising approximately 82,265 net rentable square feet |
| Murphy Storage Partners LLC | Improved real property located at 231 West FM 544, Murphy, Texas, consisting of 8.04 acres and 737 self-storage units comprising approximately 120,115 net rentable square feet |
| Terrell Storage Partners LLC | Improved real property located at 3800 W US Highway 80, Terrell, Texas, consisting of 5.00 acres and 467 self-storage units comprising approximately 55,885 net rentable square feet |
| Forney Storage Partners LLC | Improved real property located at 394 East US Highway 80. Forney, Texas, consisting of 4.19 acres and 346 self-storage units comprising approximately 64,475 net rentable square feet |

**Exhibit E**
to
**Exclusive Listing Agreement**
**Between Paul Darden Company and Optivest Properties, LLC.**

**Clarification Of Contract/Parties Intent**

It is the intent of the Seller to give the Broker exclusive right to sell the properties (all or part) further described in Exhibit A. Both parties agree that the properties will made available for sale some time in 2013 or 2014 (Target Date). If, however, Seller decides to sell anytime between the effective date of this contract and Target Date, Broker will have a period of one year with exclusive right to sell the properties according to the terms and conditions of the attached listing agree.

# EXHIBIT 1-3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   OPTIVEST PROPERTIES LLC
      BY SERVING ITS REGISTERED AGENT NATIONAL REGISTERED AGENTS INC
      1999 BRYAN ST STE 900
      DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PAUL WILSON DARDEN**

Filed in said Court **11th day of June, 2014** against

**OPTIVEST PROPERTIES LLC**

For Suit, said suit being numbered **DC-14-06226,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of June, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
        CRYSTAL MCDOWELL

---

ATYY

# CITATION

## DC-14-06226

**PAUL WILSON DARDEN**
vs.
**WARREN W ALLAN, ET AL**

ISSUED THIS
**11th day of June, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiff**
WOODROW R DYER III
CHERRY PETERSEN LANDRY +
ALBERT
8350 NORTH CENTRAL EXPWY
SUITE1500
DALLAS TX 75206
214-265-7007

**DALLAS COUNTY CONSTABLE**
FEES
PAID

FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-14-06226

Court No.95th District Court

Style: PAUL WILSON DARDEN

vs.

WARREN W ALLAN. ET AL

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person. a true copy of this Citation together with the accompanying copy of this pleading. having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT 1-4

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

ATTY (SOS)

To:   WARREN W. ALLAN
      BY SERVING THE SECRETARY OF STATE
      OFFICE OF THE SECRETARY OF STATE
      CITATIONS UNIT - P.O. BOX 12079
      AUSTIN, TX, 78711

**CITATION**

| No.: DC-14-06226 |
|---|

PAUL WISLON DARDEN
VS.
WARREN W ALLAN, ET AL

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and  petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **95th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
**ON THIS THE 11TH DAY OF JUNE, 2014**

Said **PLAINTIFF** being **PAUL WILSON DARDEN**

Filed in said Court 11th day of June, 2014 against
   **WARREN W. ALLAN**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

For suit, said suit being numbered   **DC-14-06226**  the nature of which demand is as follows:
   Suit On **OTHER (CIVIL)** etc.
as shown on said petition **REQUEST FOR DISCLOSURE** a copy of which accompanies this citation.  If this citation
is not served, it shall be returned unexecuted.

By **CRYSTAL MCDOWELL**, Deputy

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 11th day of June, 2014**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      **CRYSTAL MCDOWELL**

Attorney for : Plaintiff
   **WOODROW R DYER III**
   **CHERRY PETERSEN LANDRY +**
   **ALBERT**
   **8350 NORTH CENTRAL EXPRESSWAY**
   **SUITE1500**
   **DALLAS TX  75206**
   **214-265-7007**

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-14-06226

Court No: 95th District Court

Style: PAUL WISLON DARDEN
VS.
WARREN W ALLAN, ET AL

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness by my hand.

| | | | |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff | _____ |
| For Mileage | $_____ | County of | _____ |
| For Notary | $_____ | State of | _____ |
| Total Fees | $_____ | By | _____ |

(Must be verified if served outside the State of Texas)

State of _____

County of _____

Signed and sworn to me by the said _____ before me this _____ day of _____, 20____, to certify which witness my hand and seal of office.

Seal

State & County of _____

# EXHIBIT 1-5

FILED
DALLAS COUNTY
6/12/2014 4:49:58 PM
GARY FITZSIMMONS
DISTRICT CLERK

## CAUSE NO. DC-14-06226

| | | |
|---|---|---|
| PAUL WISTAR DARDEN | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| WARREN W. ALLAN, individually, and | § | |
| d/b/a OPTIVEST LLC, and OPTIVEST | § | |
| PROPERTIES, LLC | § | |
| | § | |
| **Defendants.** | § | 95th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Paul Wistar Darden ("Plaintiff") files this Original Petition against Defendants Warren W. Allan ("Allan") and Optivest Properties, LLC ("Optivest") (collectively "Defendants") and respectfully shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.     Discovery shall be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### II.
### RULE 47 STATEMENT

2.     Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and all other relief to which Plaintiff may be justly entitled.

---

PLAINTIFF'S FIRST AMENDED PETITION

Page 1

## III.
## SUMMARY OF THE CASE

3.     In March 2009, Allan, on behalf of himself and Optivest, executed the Agreement as defined below which granted Plaintiff the exclusive right to act as the real property broker for five properties located in the North Texas area (the "Agreement") which were owned by Optivest.  Upon the event of sale, Plaintiff was to be paid a commission directly related to the sale price of the properties.

4.     In the Summer of 2013, Optivest sold the properties to NSA, as defined below.  At the time of the sale of the Properties to NSA, Defendants failed to pay Plaintiff his contractually obligated commission.

5.     Thus, Plaintiff now sues Defendants for breach of the Agreement.  Plaintiff seeks actual damages, consequential damages, and attorney's fees as permitted by the agreement at issue and Texas law.

## IV.
## PARTIES & SERVICE

6.     Plaintiff Paul W. Darden is a licensed Texas real estate broker and an individual residing in the State of Texas who is represented by the below signed counsel.

7.     Defendant Warren W. Allan is an individual residing in the State of California with his principal place of business being 24901 Dana Point Harbor Drive, Suite 230, Dana Point, CA 92629.  Allan does business in the State of Texas but does not maintain in Texas a regular place of business of any agency for service of process.  As such, he may be served through the Texas Secretary of State in accordance with Texas Civil Practice and Remedies Code Section 17.044, which requires that duplicate citations be issued to the Secretary of State for

service of Allan at his principal place of business located at 24901 Dana Point Harbor Drive, Suite 230, Dana Point, CA 92629.

8.      Defendant Optivest Properties, LLC is a California limited liability company doing business in the State of Texas and may be served through its registered agent for service of process, National Registered Agents, Inc., which may be served at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## V.
## JURISDICTION & VENUE

9.      Jurisdiction is proper in this Court because the amount in controversy exceeds this Court's minimum jurisdictional limits.

10.     Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred here. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(1) (Vernon 2013).

## VI.
## FACTUAL BACKGROUND

**The Agreement**

11.     In March 2009, Allan, on behalf of himself and Optivest, executed an Exclusive Listing Agreement which granted Plaintiff the exclusive right to act as the real property broker for five properties located in the North Texas area (the "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**. Those properties are as follows:

    a.  Lot 1, Freedom Self Storage, a subdivision in the City of Allan, Collin County, Texas (the "Collin Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

    b.  Lot 6R, Block A, Mustang Industrial Park, a subdivision in the City of Forney, Kaufman County, Texas, according to the map or plat thereof recorded under

Document No. 3363-380 of the Official Public Records of Kaufman County, Texas (the "Kaufman Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

c. Lot 3, Block 1, Securlock Addition, a subdivision in the City of Grand Prairie, Tarrant County, Texas, according to the map or plat thereof recorded under Document No. D208102064 of the Official Public Records of Tarrant County, Texas (the "Grand Prairie Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

d. Lot 1r, Block A, Rio Dinero Fm 544, a subdivision in the City of Murphy, Collin County, Texas (the "Murphy Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property; and

e. Lot H, Adams, a subdivision in the City of Terrell, Kaufman County, Texas, according to the map or plat thereof recorded under Document No. 33634-426 of the Official Public Records of Kaufman County, Texas (the "Terrell Property"), together with all buildings, utilities, drainage lines and facilities, parking areas, drives, lighting, landscaping, building systems, fixtures, appurtenances and other improvements located on the Property.

(collectively, the Collin Property, the Kaufman Property, The Grand Prairie Property, the Murphy Property, and the Terrell Property shall be called the Properties").

12.     At the time the Agreement was executed, Allan was the President of Optivest which purported to be the managing entity for each of the individual Properties. By virtue of such, he held himself out to be control person for each individual property and was in a position to bind any additional entities which may or may not have owned the Properties individually.

13.     Pursuant to the Agreement, Plaintiff was to receive a commission upon the sale *or disposition* of the Properties. The agreed upon commission was two percent (2%) of the Sales Price which is defined in the Agreement as "gross sales price of the Property, including the value of any other property given in exchange".

---

14. In the Summer of 2013, the Properties were sold to National Storage Affiliates which is a "self-administered, self-managed real estate investment trust" ("NSA"). NSA is owned by SecureCare Self Storage ("SecureCare"), Northwest Self Storage ("Northwest"), and Optivest. NSA was created when SecureCare, Northwest and Optivest transferred ownership of their entire portfolio of properties including, but not limited to the Properties, to the NSA in exchange for ownership shares of NSA.

15. Despite a disposition of the Properties occurring in the Summer of 2013 and the contractual obligation to pay Plaintiff his commission, Defendants failed and continue to fail to remit any monies (or other property given in exchange for the disposition of the Properties) to Plaintiff.

16. As a direct result of this failure, Plaintiff suffered damages for which he now sues.

## VI.
## CAUSE OF ACTION

**Count 1 - Breach of Contract**

17. Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff reallege the allegations contained in the above paragraphs as if fully set forth herein.

18. A valid and enforceable contract exists between Plaintiff and Defendants; in particular, the Agreement.

19. Plaintiff is a proper party to sue for breach of the Agreement.

20. Plaintiff has performed, tendered performance, or was excused from performing its contractual obligations.

21. Defendants breached the Agreement by failing to remit the contractually obligated commission upon the disposition of the Properties.

22.     Defendants' breach caused Plaintiff injury in an amount not yet calculated but in excess of this Court's minimum jurisdictional limits.

23.     Further, because Plaintiff has been forced to retain the undersigned counsel to prosecute its claims and has presented a written demand, Plaintiff is also entitled to compensation for the reasonable and necessary attorney's fees and court costs which it has incurred in this lawsuit, pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

### Count 2 – Fraud as to Defendant Allan – Pleading in the Alternative

24.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff reallege the allegations contained in the above paragraphs as if fully set forth herein.

25.     Defendant Allan made material representations to Plaintiff.

26.     Defendant Allan's material representations were false.

27.     When Defendant Allan made the material representation, he knew the material representations were false.

28.     Defendant Allan made the representations with the intent that Plaintiff would act on it.

29.     Plaintiff relied on Defendant Allan's representations causing Plaintiff to suffer actual injury.

30.     As a result of Defendant Allan's actions, Plaintiff has suffered actual damages in an amount yet to be determined, but in excess of the minimum jurisdictional limits of this Court.

31.     Because Plaintiff will establish by clear and convincing evidence that Defendant Allan had actual awareness of the falsity of his fraudulent misrepresentations, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

32.     Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff's injuries resulted from Defendant Allan's actual fraud, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

## Count 4 – Fraudulent Inducement as to Defendant Allan - Pleading in the Alternative

33.     Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff reallege the allegations contained in the above paragraphs as if fully set forth herein.

34.     Defendant Allan made false representations and promises before Plaintiff agreed to enter into a contract for the distinct purpose of inducing Plaintiff to enter into a contract.

35.     Defendant Allan made the false representations and promises with intent for Plaintiff to enter into a contract.

36.     Plaintiff relied on Defendant Allan's representations causing Plaintiff to suffer actual injury.

37.     As a result of Defendant Allan's actions, Plaintiff has suffered actual damages in an amount yet to be determined, but in excess of the minimum jurisdictional limits of this Court.

38.     Because Plaintiff will establish by clear and convincing evidence that Defendant Allan had actual awareness of the falsity of his fraudulent misrepresentations, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

39.     Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff's injuries resulted from Defendant's actual fraud, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

**Count 5 – Negligent Misrepresentation as to Defendant Allan - Pleading in the Alternative**

40.    Pursuant to Rule 58 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff realleges the allegations contained in the above paragraphs as if fully set forth herein.

41.    Defendant Allan made representations to Plaintiff in a transaction in which Defendant Allan had an interest.

42.    Defendant Allan supplied false information for the guidance of others.

43.    Defendant Allan did not exercise reasonable care or competence in obtaining or communicating the information.

44.    Plaintiff justifiably relied on Defendant Allan representations.

45.    Defendant Allan negligent misrepresentation proximately caused Counter-Plaintiff's injury.

46.    Because Plaintiff will establish by clear and convincing evidence that Defendant Allan had actual awareness of the falsity of his negligent misrepresentations, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a)(1)&(2).

47.    Further, because Plaintiff will establish by clear and convincing evidence that Plaintiff injuries resulted from Defendant Allan's actual fraud, Plaintiff is entitled to recover from Defendant Allan exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff Paul Wistar Darden

requests that Defendants Warren W. Allan and Optivest Properties, LLC disclose within fifty (50)

days of service of this Request, by serving its responses on Plaintiff's counsel at Cherry Petersen

Landry Albert LLP, 8350 N. Central Expressway, Suite 1500, Dallas, Texas 75206.

## PRAYER

Plaintiff Paul Wistar Darden respectfully requests that Defendants be cited to appear and

answer, and that upon final trial, judgment be entered in favor of Plaintiff as follows:

a.  Actual damages;

b.  Consequential damages;

c.  Exemplary damages as authorized by law;

d.  Pre-judgment and post-judgment interest at the maximum rate allowed by law;

e.  Reasonable attorney's fees and costs as allowed by law and contract; and

f.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CHERRY PETERSEN LANDRY ALBERT LLP

By: _____
W. "Trey" R. Dyer, III
Texas Bar No. 24036512
Email: tdyer@cplalaw.com

8350 N. Central Expressway, Suite 1500
Dallas, Texas   75206
Telephone:  214.265.7007
Facsimile:   214.265.7008

**ATTORNEY FOR PLAINTIFF**

---

**PLAINTIFF'S FIRST AMENDED PETITION**                                    **Page 9**

# EXHIBIT 1-6

FILED
DALLAS COUNTY
6/19/2014 3:16:14 PM
GARY FITZSIMMONS
DISTRICT CLERK

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-14-06226

Court No: 95th District Court

Style: PAUL WISLON DARDEN
VS.
WARREN W ALLAN, ET AL

Received this Citation the _____ day of _____, 20_____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock _____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff _____ AUSTIN PROCESS, LLC |
| For Mileage | $_____ | County of _____ 809 NUECES |
| For Notary | $_____ | State of _____ AUSTIN, TX  78701 |
| Total Fees | $_____ | By _____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said _____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal

State & County of _____
_____

## AFFIDAVIT OF SERVICE

State of Texas    County of Dallas    95th Judicial District Court

Case Number: DC-14-06226

Plaintiff:
**Paul Wilson Darden**
vs.
Defendant:
**Warren W. Allan, individually and d/b/a Optivest LLC and Optivest
Properties, LLC**

For:
Cherry Peterson Landry Albert, LLP
8350 North Central Expressway
Suite 800
Dallas, TX 75206

Received by Austin Process LLC on the 18th day of June, 2014 at 10:53 am to be served on **Warren W. Allan
by serving the Secretary of State, Citations Unit, 1019 Brazos, Austin, TX 78701.**

I, Nicole M. Hybner, being duly sworn, depose and say that on the **18th day of June, 2014 at 2:12 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **2 Copies of Citation and Plaintiff's Original
Petition and Request for Disclosure with Plaintiff's Request for Production and $55 SOS Fee** with the date
and hour of service endorsed thereon by me, to: **Michael Orta, Secretary of State, Citations Unit as Authorized
Agent** for **Warren W. Allan by serving the Secretary of State, Citations Unit**, and informed said person of the
contents therein, in compliance with State Statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified
Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in
this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 18th day
of June, 2014 by the affiant who is personally
known to me.

NOTARY PUBLIC

DANE R CUPPETT
My Commission Expires
December 8, 2017

**Nicole M. Hybner**
SCH-9631, Exp. 4/30/15

**Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071**

Our Job Serial Number: MST-2014002099
Ref: Paul Wilson Darden

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t

# EXHIBIT 1-7

FILED
DALLAS COUNTY
6/20/2014 3:39:41 PM
GARY FITZSIMMONS
DISTRICT CLERK

## AFFIDAVIT OF SERVICE

**State of Texas**             **County of Dallas**                          **95th Judicial District Court**

Case Number: DC-14-06226

Plaintiff:
**PAUL WILSON DARDEN**
vs.
Defendant:
**WARREN W ALLAN, ET AL.**

For:
Woodrow R. Dyer, III
8350 North Central Expressway
Suite 1500
Dallas, TX  75206

Received by On Time Process Service on the 19th day of June, 2014 at 8:00 am to be served on **Optivest Properties, L.L.C. c/o National Registered Agents, Inc., Registered Agents, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

I, Christopher Pekar, being duly sworn, depose and say that on the **19th day of June, 2014 at 3:40 pm, I:**

Executed service by delivering a true copy of the **Citation, Copy of Plaintiffs Original Petition with Request for Disclosure with Exhibits, Copy of Plaintiffs Request for Production to Plaintiff** , to: Marie Garcia as **Authorized Agent / National Registered Agents, Inc** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, who is authorized to accept service for **Optivest Properties, L.L.C.**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 19th day of June, 2014 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JON PEKAR
Notary Public, State of Texas
My Commission Expires
December 29, 2014

_____
**Christopher Pekar**
SCH 5264 - Expires 6/30/15

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**
Our Job Serial Number: ONT-2014002763
Ref: 9189.0001

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   OPTIVEST PROPERTIES LLC
      BY SERVING ITS REGISTERED AGENT NATIONAL REGISTERED AGENTS INC
      1999 BRYAN ST STE 900
      DALLAS TX 75201

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PAUL WILSON DARDEN**

Filed in said Court **11th day of June, 2014** against

**OPTIVEST PROPERTIES LLC**

For Suit, said suit being numbered <u>**DC-14-06226,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas. Given under my hand and the Seal of said Court at office this 11th day of June, 2014.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
      CRYSTAL MCDOWELL

---

## CITATION

## DC-14-06226

**PAUL WILSON DARDEN**
vs.
**WARREN W ALLAN, ET AL**

ISSUED THIS
**11th day of June, 2014**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: CRYSTAL MCDOWELL, Deputy

**Attorney for Plaintiff**
WOODROW R DYER III
CHERRY PETERSEN LANDRY +
ALBERT
8350 NORTH CENTRAL EXPWY
SUITE1500
DALLAS TX 75206
214-265-7007

---

DALLAS COUNTY CONSTABLE
FEES        FEES NOT
PAID          PAID

# OFFICER'S RETURN

Case No. : DC-14-06226

Court No. 95th District Court

Style: PAUL WILSON DARDEN

vs.

WARREN W ALLAN, ET AL

Came to hand on the _____ _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT 1-8

FILED
DALLAS COUNTY
7/10/2014 5:01:45 PM
GARY FITZSIMMONS
DISTRICT CLERK

Dianne Coffey



# The State of Texas
## Secretary of State

2014-241330-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition in the cause styled:

PAUL WILSON DARDEN VS. WARREN W ALLAN, ET AL
95th Judicial District Court Of Dallas County, Texas
Cause No: DC1406226

was received by this office on June 18, 2014, and that a copy was forwarded on June 23, 2014, by CERTIFIED MAIL, return receipt requested to:

WARREN W. ALAN
24901 Dana Point Harbor Drive, Suite 230
Dana Point , CA 92629

The RETURN RECEIPT was received in this office dated June 26, 2014, bearing signature.



Date issued: June 27, 2014

*Nandita Berry*

Nandita Berry
Secretary of State

CT/vo

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

### Secretary of State

June 27, 2014

W "Trey" R Dyer III
Cherry Petersen Landry Albert LLP
8350 North Central Expressway,
Suite 1500
Dallas, TX 75206

| 2014-241330 |
| :---: |
| Include reference number in all correspondence |

RE: PAUL WILSON DARDEN VS. WARREN W ALLAN, ET AL
95th Judicial District Court Of Dallas County, Texas
Cause No: DC1406226

Dear Sir/Madam:

Please find enclosed your Certificate(s) of Service for the case styled above.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Venita Okpegbue
Service of Process

Enclosure

# EXHIBIT 1-9

FILED
DALLAS COUNTY
7/11/2014 12:29:26 PM
GARY FITZSIMMONS
DISTRICT CLERK

## CAUSE NO. DC-14-06226

| | | |
|---|---|---|
| PAUL WISTAR DARDEN<br>     **Plaintiff,** | §<br>§<br>§ | IN THE DISTRICT COURT |
| **v.** | §<br>§ | DALLAS COUNTY, TEXAS |
| WARREN W. ALLAN, Individually and<br>d/b/a OPTIVEST LLC, and OPTIVEST<br>PROPERTIES, LLC<br>     **Defendants.** | §<br>§<br>§<br>§ | 95TH JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

WARREN W. ALLAN (incorrectly identified as WARREN W. ALLAN, Individually and d/b/a OPTIVEST LLC) and OPTIVEST PROPERTIES, LLC, Defendants herein, file this their Original Answer, and show the Court as follows:

**1.**

In accordance with Rule 92, *Texas Rules of Civil Procedure*, Defendants generally deny each and every, all and singular, in whole or in part, the allegations in Plaintiff's Petition and demand strict proof of all such allegations by a preponderance of evidence as required by Texas law.

**2.**

Defendants specially deny that Defendant Warren W. Allan ("Allan") executed any agreement on behalf of himself, that Defendant Allan does business under the name Optivest LLC, and that Defendant Allan made false representations to Plaintiff, all of which were incorrectly alleged in Plaintiff's Petition. There is a defect of parties in that Defendant Allan was wrongfully and incorrectly sued and Defendant Allan is not liable in the capacity or capacities sued.

**3.**

Plaintiff's claims are barred by the statute of frauds.

**4.**

Defendants' specially except to paragraphs 25-29, 34-36, and 41-45 of Plaintiff's First Amended Petition, wherein Plaintiff alleges that Defendant Allan made false representations to Plaintiff and alleges claims against Defendant Allan for fraud, fraudulent inducement, and negligent misrepresentation. Such allegations are objectionable in that they are vague, general and indefinite, and do not give Defendants fair notice as to the nature or circumstances of the alleged false representations or what false representations were allegedly made.

**5.**

Paragraph 12g of the agreement at issue in this case states that the prevailing party in any legal proceeding brought in relation to said agreement is entitled to recover from the other party reasonable attorneys' fees. Accordingly, Defendant assert a compulsory counterclaim against Plaintiff to recover all of their attorneys' fees in this suit.

WHEREFORE, Defendants, respectfully request that Plaintiff recover nothing, and that Defendants recover their reasonable and necessary attorneys' fees, court costs, and all other relief to which they are entitled.

Respectfully submitted,

SCANES & ROUTH LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
Telephone:  (254) 399-8788
Facsimile:  (254) 399-8780

BY:  _M. dM L. S.~_____

Michael L. Scanes
Texas Bar No. 17701000
scanes@srjfirm.com
Joel S. Shields
Texas Bar No. 24041907
shields@srjfirm.com
Tyler Talbert
Texas Bar No. 24088501
talbert@srjfirm.com

ATTORNEYS FOR DEFENDANTS


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served via facsimile, on counsel of record for Plaintiff, on this _11th_ day of July, 2014.


_M. dM L. S.~_____
Michael L. Scanes

# EXHIBIT 2

Skip to Main Content Logout My Account Search Menu New  Civil District Search Refine Search  Back     Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-14-06226

| PAUL DARDEN vs. WARREN ALLAN, et al | § | | Case Type: | **OTHER (CIVIL)** |
| | § | | Date Filed: | **06/11/2014** |
| | § | | Location: | **95th District Court** |
| | § | | | |
| | § | | | |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| **DEFENDANT** | ALLAN, WARREN W. *DOING BUSINESS AS* OPTIVEST LLC | | MICHAEL L SCANES<br>*Retained*<br>254-399-8788(W) |
| **DEFENDANT** | OPTIVEST PROPERTIES LLC | | MICHAEL L SCANES<br>*Retained*<br>254-399-8788(W) |
| **PLAINTIFF** | DARDEN, PAUL WILSON | | WOODROW R DYER III<br>*Retained*<br>214-265-7007(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 06/11/2014 | NEW CASE FILED (OCA) - CIVIL | | |
| 06/11/2014 | ORIGINAL PETITION | | |
| 06/11/2014 | CASE FILING COVER SHEET | | |
| 06/11/2014 | ISSUE CITATION | | |
| 06/11/2014 | ISSUE CITATION COMM OF INS OR SOS | | |
| 06/11/2014 | CITATION | | |
| | *CDM/ATTY* | | |
| | OPTIVEST PROPERTIES LLC | Served | 06/19/2014 |
| | | Returned | 06/20/2014 |
| 06/11/2014 | CITATION SOS/COI/COH/HAG | | |
| | *CDM/ATTY* | | |
| | ALLAN, WARREN W. | Served | 06/18/2014 |
| | | Returned | 06/19/2014 |
| 06/12/2014 | AMENDED PETITION | | |
| | *1ST AND REQUEST FOR DISCLOSURE* | | |
| 06/19/2014 | RETURN OF SERVICE | | |
| | *Return of Service on Defendant Warren W. Allan* | | |
| 06/20/2014 | RETURN OF SERVICE | | |
| | *Affidavit of Service* | | |
| 07/10/2014 | RETURN OF SERVICE | | |
| | *Return of Service* | | |
| 07/11/2014 | ORIGINAL ANSWER - GENERAL DENIAL | | |
| 07/14/2014 | RETURN OF SERVICE | | |
| | *SEC OF STATE CERT FOR WARREN W ALAN* | | |

---

### FINANCIAL INFORMATION

| | **PLAINTIFF** DARDEN, PAUL WILSON | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 339.00 |
| | Total Payments and Credits | | | 339.00 |
| | **Balance Due as of 07/15/2014** | | | **0.00** |
| 06/11/2014 | Transaction Assessment | | | 339.00 |
| 06/11/2014 | CREDIT CARD - TEXFILE (DC) | Receipt # 33142-2014-DCLK | DARDEN, PAUL WILSON | (339.00) |